UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANA VICTORIA RAMIREZ SIVIPAUCAR,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al*.,

Respondents.

Case No. 1:26-cv-05017 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Ana Victoria Ramirez Sivipaucaur filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* Dkt. No. 1. The instant petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Peru, Petitioner entered the United States on March 16, 2024, and was taken into custody by the Department of Homeland Security ("DHS"). *See* Dkt. No. 1 at 5; Dkt. No. 7-5 at 2. On March 17, 2025, Petitioner was released from custody on her own recognizance, and placed in removal proceedings. Dkt. No. 7-4 at 1; Dkt. No. 7-3 at 1. She claims to have complied with the conditions of her release, including ICE check-ins—a contention which Respondents do not dispute in opposition. Dkt. No. 1 at 5.

Petitioner was ordered removed *in absentia* on September 16, 2025—meaning she failed to attend her immigration hearing. *See* Dkt. No. 1 at 5; Dkt. No. 7-5 at 3. Following entry of this order, Petitioner was directed to attend an ICE check-in on October 2, 2025. *Id*. at 2. She complied and was detained at the ICE office. *Id*.; Dkt. No. 1 at 6. Petitioner has successfully moved to



United States District Court
Eastern District of California

vacate her order of removal and reopen her immigration proceedings, but has remained detained for the last ten months without any custody determination nonetheless. *See* Dkt. No. 7 at 1.

As the Court has in the past, it rejects Respondents' argument that Petitioner may be detained under § 1225(b) and avoid providing Petitioner with the statutory process she is entitled to under 8 U.S.C. § 1226(a). The Ninth Circuit in *Rodriguez Vazquez v. Bostock* held that § 1225(b)(2)(A) does not apply to noncitizens, like Petitioner, who are present in the United States without admission and were arrested in the interior of the country. 183 F.4th 1160, 1164 (9th Cir. 2026) ("we conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Accordingly, the Court finds that Petitioner's detention, bond, and release are controlled by § 1226(a).

As Respondents only argue that Petitioner was detained pursuant to § 1225(b), and have not argued that Petitioner was provided the process to which she was statutorily entitled to under § 1226(a), namely a bond hearing, the appropriate remedy is immediate release. *See, e.g., Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence petitioner was arrested pursuant to a warrant or that a custody determination was made by an authorized immigration official); *Gopie v. Lyons*, No. 25-CV-05229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025) ("By not making a prior or contemporaneous determination of custody, ICE failed to provide pre-deprivation process required in this setting …. ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here."); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (granting immediate release where Government denied that petitioner was detained under § 1226); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7–8 (E.D. Cal. Oct. 27, 2025) (same); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made

no showing that Petitioner was a flight risk or danger to the public); *Molina Alberto v. Leyva*, No. 2:26-CV-01216-RFB-NJK, 2026 WL 1557266, at *4 (D. Nev. June 2, 2026) (same).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. No. 1) is GRANTED, for the reasons stated in those prior orders. Respondents are ORDERED to immediately release Ana Victoria Ramirez Sivipaucar from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have her counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: September 4, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Eastern District of California